IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE # 1:14cv22993

NORMA BETANCOURT,

      Plaintiff;

v.

BLEAU FONTAINE COMMUNITY
ASSOCIATION, INC.; BLEAU FONTAINE
CONDOMINIUM ASSOCIATION NUMBER
TWO, INC.; BLEAU FONTAINE CONDOMINIUM
ASSOCIATION NUMBER THREE, INC.;
AND CARMEN RIVAS,

      Defendants.

_____/

## COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF

The Plaintiff, Norma Betancourt ("Plaintiff"), by and through her undersigned attorneys, hereby files this Complaint for violations of the Federal Fair Housing Act and Breach of Contract against the Bleau Fontaine Community Association, the Bleau Fontaine Condominium Association Number Two, the Bleau Fontaine Condominium Association Number Three, and Carmen Rivas ("Defendants") and further states as follows:

## JURISDICTION AND VENUE

1. This is a civil action brought under federal and state law and charges the Defendants with violations of Title VIII of The Civil Rights Act of 1968 ("Fair Housing Act") and 42 U.S.C. § 3601 et seq.  It also charges coercion, intimidation, threat in violation of 42 U.S.C § 3617 that interfered with the Plaintiff's assertion of her rights. Further, it charges that Defendants breached a contract.

1

2. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 3613 as the allegations contained herein pertain to violations of the Fair Housing Act, 42 U.S.C. § 3601 et seq., and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. All such acts took place in Miami Dade County, Florida. Therefore, venue is proper in the Southern District of Florida, under 28 U.S.C. § 1391(b) because the claim arose in this judicial district and all Defendants reside in the district.

4. At all times mentioned herein, Ms. Betancourt lived in the Bleau Fontaine Condominium Association in Miami, Florida.

5. The Bleau Fontaine Community Association, Inc. (hereinafter "The Master Association") is a registered Florida corporation.

6. The Blue Fontaine Condominium Association Number Two, Inc. (hereinafter "Association #2") is a registered Florida corporation.

7. The Blue Fontaine Condominium Association Number Three, Inc. (hereinafter "Association #3") is a registered Florida corporation.

<u>**ALLEGATIONS COMMON TO ALL COUNTS**</u>

8. The Plaintiff, is a person with a disability. She has several medical conditions that make it difficult for her to safely ambulate for long distances or on uneven surfaces. Plaintiff must use a walker at all times outside of her home.

9. On or about November 2009, Plaintiff contacted Disability Rights Florida (then The Advocacy Center for Persons with Disabilities, Inc.) to request assistance with obtaining a reasonable accommodation under the Fair Housing Act; specifically, the request was for an assigned parking space closer to her unit.

2

10. The Master Association's declaration provides the Master Association with extensive control over decisions of the other associations.

11. Between November 2009 and February 2010, Disability Rights Florida negotiated with the Master Association and the presidents of Association #2 and Association #3 regarding Plaintiff's accommodation request.

12. On February 19, 2010 GRS Management provided Disability Rights Florida with a letter stating that the Master Association had a meeting with both presidents of Association #2 and Association #3, and that "both presidents have agreed to relocate the assigned parking space for Norma Betancourt in the visitor parking space located by the garbage container close to building 9429."  Both presidents and a representative for the Master Association signed the agreement.

13. Shortly after February 19, 2010, Plaintiff was provided with the reserved space closest to her unit.  The unit was restriped and painted with her unit number.  Plaintiff was allowed to use this spot until July, 2014.

14. On or about July 17, 2014 Plaintiff contacted Disability Rights Florida to advise that the management company for Association #3 had restriped and reassigned her reserved space without notice.  At this time, Plaintiff was left with no parking space at all and was forced to park in visitor parking.

15. On or about July 21, 2014 Disability Rights Florida contacted the management company for Association #2 Inc. and Association #3, Inc. and the registered agent for Association #3.  After some negotiation, Plaintiff's parking space was restriped and reassigned back to her.

16. On August 6, 2014, Disability Rights Florida received a letter from Lourdes Armengol, P.A., registered agent for Association #3. This letter advised that "effective Saturday, Aug. 16, 2014 Bleau Fontaine Condominium Association #3, Inc. will no longer allow Ms. Betancourt to use the parking space she had been previously assigned."

17. Plaintiff now must walk a long distance to her parking spot, a situation that is both physically taxing and dangerous.

## COUNT I
Violation of Federal Fair Housing Act
(42 U.S.C. 3601, *et seq.*)

18. Plaintiff suffers from a handicap as defined in 42 USC § 3602(h): she has a physical impairment that substantially limits one or more of her major life activities; she has a record of such an impairment; she is regarded as having such an impairment; and Defendants knew or should reasonably be expected to know about the disability. In fact, Defendants have never questioned Plaintiff's and have made reasonable accommodations in the past.

19. An accommodation to Defendants' parking policy is necessary to afford Plaintiff an equal opportunity to use and enjoy her dwelling. *See* 42 USC § 3604(f). Specifically, Plaintiff needs a space close to her building – a space previously approved by Defendants.

20. Defendants, through their conduct and action described above have discriminated against Plaintiff on the basis of her disability by refusing to make reasonable accommodations to their rules, policies, practices, or services, when such accommodations are necessary to afford Plaintiff an equal opportunity to use and enjoy her dwelling in violation of 42

U.S.C. 3604(f).

21. Plaintiff is an "aggrieved person" as defined in 42 U.S.C. § 3602(i), and has suffered injuries as a result of Defendants' discriminatory actions and conduct.

## COUNT II
(Violation of 42 U.S.C § 3617)

22. Plaintiff repeats Paragraphs 1 through 17, above, inclusive, as though fully set forth herein.

23. Defendants through their conduct and action described above have violated 42 U.S.C. Section 3617 by coercing, intimidating, threatening, or interfering with the Plaintiff in the exercise and enjoyment, and on account of her having exercised and enjoyed her fair housing rights under Section 804 of the Fair Housing Act.

24. Plaintiff is an "aggrieved person" as defined in 42 U.S.C. § 3602(i), and suffered injuries as a result of Defendants' discriminatory actions and conduct.

25. The discriminatory conduct or actions of Defendants was intentional, willful, and taken in disregard for the rights of Plaintiff.

26. Defendants have shown a pattern of intimidation and threatening behaviors and have engaged in efforts to harass and unnecessarily question Plaintiff.  Other residents of the community have questioned Plaintiff about the parking policy due to the fact that the Defendants have failed to make the policy clear.  Additionally, Plaintiff's car has been vandalized while in her parking space.  Finally, Plaintiff has received numerous threats from Association #3 regarding fines and termination of her parking privileges.

27. The Defendants actions coerced, intimidated, threatened and interfered with Plaintiff's exercise or enjoyment of the rights granted by the Fair Housing Act.

## COUNT III
(Breach of Contract)

28. Plaintiff repeats Paragraphs 1 through 17, above, inclusive, as though fully set forth herein.

29. Defendant Bleau Fontaine Community Association (Master Association) facilitated a contract between Bleau Fontaine Condominium Association #3 and Bleau Fontaine Condominium Association #2 in which the associations agreed to relocate the Plaintiff's parking spot to a visitor space located close to Building 9429.

30. That contract was signed by the respective presidents of both condominium associations.

31. Plaintiff is a third-party beneficiary of that contract.

32. Defendants breached that contract by reassigning the Plaintiff's parking spot to another resident.

33. Due to this breach, Plaintiff has been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter an Order that:

a. Declares the discriminatory housing practices of Defendants, as set forth above, violate the Fair Housing Act, 42 U.S.C. §3601 *et seq.* and 42 U.S.C. §3617;

b. Enjoins Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them from continuing to take any actions to prevent the reasonable accommodations herein;

c. Enjoins Defendants, its agents, employees, successors, and all other persons in active concert or participation with any of them from continuing to take any steps to coerce, intimidate, threaten, or interfere with Plaintiff in the exercise or enjoyment, or on account

of her having exercised or enjoyed her fair housing rights;

d.  Orders Defendants to grant Plaintiff the reasonable accommodation she has requested,

which is the restoration of her pervious parking space directly in front of her building;

e.  Declares that Defendant is in breach of contract;

f.  Awards reasonable attorneys' fees and costs incurred in bringing this action;

g.  Grants such other relief as justice may require.

Respectfully submitted this 15th day of August, 2014

By      s/ David Boyer
        David Boyer, Esquire
        Florida Bar No. 90917
        Disability Rights Florida
        1930 Harrison St Ste 104
        Hollywood, Florida 33020
        Phone:  (850)488-9071
        Fax:  (850)488-8640
        E-Mail: davidb@DisabilityRightsFlorida.org

By      s/ Molly J. Paris
        Molly J. Paris, Esquire
        Florida Bar No. 90486
        Disability Rights Florida
        1930 Harrison St Ste 104
        Hollywood, Florida 33020
        Phone:  (850)488-9071
        Fax:  (850)488-8640
        E-Mail: mollyp@DisabilityRightsFlorida.org

By      s/ Harold Bennett, Esq.
        Florida Bar No.
        Disability Rights Florida
        1000 North Ashley Drive, Suite 640
        Tampa, Florida 33602
        Phone:  (850)488-9071
        Fax:  (850)488-8640
        E-Mail: haroldb@DisabilityRightsFlorida.org

7

8

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that a true and correct copy of the foregoing was furnished by FEDEX this 15th day of August, 2014.

Bleau Fontaine Community Association, Inc.
Registered Agent: BRIAN W. PARISER, P.A.
9155 SOUTH DADELAND BLVD.
SUITE 1718
MIAMI, FL 33156

Bleau Fontaine Condominium Association Number Two, Inc.
Registered Agent: FRANK PEREZ-SIAM,P.A.
7001 SW 87TH COURT
MIAMI, FL 33173

Bleau Fontaine Condominium Association Number Three, Inc.
Registered Agent: LAW OFFICE OF LOURDES ARMENGOL, PA
7850 NW 146 Street
Suite 424
MIAMI LAKES, FL 33016

CARMEN RIVAS
7850 NW 146 Street , Ste 424
MIAMI LAKES, FL 33016

/S/_David A. Boyer_____
David A. Boyer
Florida Bar No. 90917
DavidB@DisabilityRightsFlorida.org
1930 Harrison Street, Suite 104
Hollywood, Florida 33020-7050
Phone: (850) 488-9071
Fax: (850) 488-8640